Zhouquin ZHU, et al., Plaintiffs,

v.

IMMIGRATION AND NATURAL-IZATION SERVICE, et al., Defendants.

No. CIV.02–00685(RMC).

United States District Court, District of Columbia.

Jan. 28, 2004.

Frederic W. Schwartz, Jr., Law Office of Frederic Schwartz, Washington, DC, for Plaintiffs.

Edith M. Shine, Joseph A. Pixley, U.S. Attorney's Office, Washington, DC, for Defendants.

## MEMORANDUM OPINION

COLLYER, District Judge.

This case presents the Court with a question of pure statutory construction. Does Congress confer discretion upon a federal official when it says that he "may" act as he "deems," but does not specify, as it does elsewhere in the same statute, that he can act "at his discretion"?

The statute in question is the Immigration and Naturalization Act, 8 U.S.C. § 1101 *et seq.* The official in question is the Attorney General of the United States acting through his designee, the Commissioner of the Immigration and Naturalization Service ("INS").[1] The plaintiffs are aliens who have been conducting medical research in the United States and who have been denied immigrant visa applications, most specifically by denying them waivers of job-offer and labor-certification requirements on the grounds of a lack of national interest in their work. The parties argue over whether the Court has jurisdiction to review the denial of waivers to the plaintiffs and seek a ruling on this threshold jurisdictional issue before briefing the full merits.

After careful consideration of the parties' excellent briefs and the entire record, the Court finds that it does not have jurisdiction over this matter. The complaint will be dismissed.

## BACKGROUND FACTS

The specific facts that pertain to each plaintiff are not critical to resolution of the preliminary legal issue of the Court's jurisdiction. Plaintiffs Zhouquin Zhu, Xiaquin Huang, Behanu Habulihaz, Haisu Yang, and Jiangli Yan are Chinese citizens. They are medical researchers who filed employment-based visa petitions seeking classification as alien "members of the professions holding advanced degrees or who have exceptional ability." *See* 8 U.S.C. § 1153(b)(2)(A). They asked for waivers of the requirement that they have a job offer and labor certification (that no U.S. resident can perform their work adequately), because it is in the national interest to grant their visa requests. The INS denied their requests for waivers, concluding that waivers were not in the national interest. Plaintiffs appealed the denials to the Office of Administrative Appeals ("AAO"), the agency body that exercises the appellate jurisdiction of the Associate Commissioner of Examinations. *See* 8 C.F.R. § 103.3(a)(1)(iv). The AAO affirmed the denial of the employment-based immigrant visa petitions for Plaintiffs Zhu, Huang, Habulihaz and Yang and dismissed their appeals. The AAO found that they had not established that an exemption from the job offer requirement would be in the national interest. When the complaint was filed, Plaintiff Yan's appeal was still pending before AAO; it has since been granted.

## STATUTORY AND REGULATORY FRAMEWORK

The INS has adopted a multi-step process for applications from individuals seek-

1. The agency formerly known as the INS is now known as the Bureau of Citizenship and Immigration Services, Department of Homeland Security ("BCIS"). The transfer of responsibilities from the INS to BCIS occurred on March 1, 2003. *See* 68 Fed. Reg. 10922–01, 2003 WL 735330. Since most of the activity at issue took place when the agency was known as the INS, that acronym is used throughout this memorandum opinion.

ing immigrant visas under 8 U.S.C. § 1153(b)(2)(A)(1) (members of the professions holding advanced degrees or who have exceptional ability). In this process, a "labor certification" must first be obtained from the Department of Labor ("DOL"). The prospective employer must persuade DOL that: (1) there are insufficient numbers of equally qualified domestic workers; and (2) the employment of the immigrant will not adversely affect the wages and working conditions of similarly employed persons in the United States. 8 U.S.C. § 1182(a)(5)(A) & (D); 8 C.F.R. § 204.5(k)(4)(2003). Armed with its labor certification, the employer can then file a petition with the INS seeking to classify the prospective employee/immigrant as a qualifying alien.

The INA includes a provision that allows the Attorney General (delegated to the Commissioner) to permit a prospective immigrant under § 1153 to immigrate without a job offer from a specific prospective employer and without a labor certification. 8 U.S.C. § 1153(b)(2)(B)(i); *see also* 8 C.F.R. §§ 2.1 and 204.5(k)(4)(ii) (2003). The INS waives the job offer/labor certification requirement only if the immigrant meets the "national interest" standard. *See* 8 U.S.C. § 1153(b)(2)(B) ("[T]he Attorney General may, when the Attorney General deems it to be in the national interest, waive the requirements of subparagraph (A) that an alien's services in the sciences, arts, professions, or business be sought by an employer in the United States."). Critical to the question of the Court's jurisdiction is also 8 U.S.C. § 1252(a)(2)(B)(ii), which provides, "Notwithstanding any other provision of law, no court shall have jurisdiction to review—(ii) any other decision or action of the Attorney General the authority for which is specified under this title to be in the discretion of the Attorney General . . . ."

## LEGAL STANDARD

The government has filed a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(1), asserting that there is no subject matter jurisdiction to review plaintiff's claims. When faced with a facial challenge to subject matter jurisdiction under FED. R. CIV. P. 12(b)(1), as is presented here, the Court applies substantially the same standard of review that is used to evaluate FED. R. CIV. P. 12(b)(6) motions. *See Vanover v. Hantman,* 77 F.Supp.2d 91, 98 (D.D.C.1999). The court must accept as true all of the plaintiff's well-pled factual allegations and draw all reasonable inferences in favor of the plaintiff; however, the court does not need to accept as true the plaintiff's legal conclusions. *See Alexis v. District of Columbia,* 44 F.Supp.2d 331, 336–37 (D.D.C. 1999). The court may dismiss a complaint for lack of subject-matter jurisdiction only if " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Empagran S.A. v. F. Hoffman– LaRoche, Ltd.,* 315 F.3d 338, 343 (D.C.Cir. 2003) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

## ANALYSIS

The question raised here is whether this Court has authority to review the INS refusal to waive the job offer/labor certification requirements for these plaintiffs. This constitutes a question of the Court's jurisdiction and an interpretation of the statutory intent of Congress. The Court cannot decide whether INS properly refused to waive the labor certification requirement unless it has jurisdiction over the plaintiffs' complaint. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998).

The government's position is simple and straightforward: "The decisions at issue here, made by the BCIS/INS pursuant to 8 U.S.C. § 1153(b)(2)(B)(i), were discretionary; hence, under 8 U.S.C. § 1252, this Court has no jurisdiction." Defs.' Motion to Dismiss at 14 ("Motion"). The plaintiffs' argument has more nuance to it. They emphasize that an Attorney General decision is exempt from review only when "the authority for [it] is *specified.*" *See* 8 U.S.C. § 1252(a)(2)(B)(ii) (emphasis added). They provide the Court with 51 examples in which Congress *specified* that the Attorney General could act "in his discretion." [2] Pltfs.' Opp. to Defs.' Motion to Dismiss ("Opp") at 4–9. From this extensive litany, the plaintiffs argue that "there are innumerable acts of the Attorney General which are 'specified under . . . [Title 8] to be in the discretion of the Attorney General.' The act of determining whether a national interest waiver is appropriate is simply not one of those so specified." Opp. at 9. Since to "specify" means "to name or mention expressly," *id.,*

**2.** *See* 8 U.S.C. § 1103(a)(5) (the Attorney General "shall, in his discretion, appoint . . . employees"); 8 U.S.C. § 1157(c)(1) ("Attorney General may, in the Attorney General's discretion"); 8 U.S.C. § 1158(b)(2)(A)(v) ("in the Attorney General's discretion"); 8 U.S.C. § 1159(b) ("in the Attorney General's discretion"); 8 U.S.C. § 1181(b) ("in his discretion"); 8 U.S.C. § 1182(a)(3)(D)(iv) ("[t]he Attorney General may, in the Attorney General's discretion"); 8 U.S.C. § 1182(a)(9)(B)(v) ("[t]he Attorney General has sole discretion"); 8 U.S.C. § 1182(d)(1) ("in the Attorney General's discretion . . . if the Attorney General considers it to be in the national interest to do so"); 8 U.S.C. § 1182(d)(3) ("in the discretion of the Attorney General") (twice); 8 U.S.C. § 1182(d)(5)(A) ("in his discretion"); 8 U.S.C. § 1182(d)(11) ("may, in his discretion"); 8 U.S.C. § 1182(d)(12) ("in the discretion of the Attorney General"); 8 U.S.C. § 1182(g) ("in the discretion of the Attorney General"); 8 U.S.C. § 1182(g)(3) ("in the discretion of the Attorney General"); 8 U.S.C. § 1182(h) ("may, in his discretion"); 8 U.S.C. § 1182(h)(1)(B)(2) ("the Attorney General, in his discretion"); 8 U.S.C. § 1182(i)(1) ("[t]he Attorney General may, in the discretion of the Attorney General"); 8 U.S.C. § 1182(k) ("in the discretion of the Attorney General"); 8 U.S.C. § 1183 ("in the discretion of the Attorney General"); 8 U.S.C. § 1184(c)(6)(F) ("as the Attorney General determines, in his sole discretion"); 8 U.S.C. § 1184(d) ("the Attorney General in his discretion"); 8 U.S.C. § 1186a(c)(4) ("in the Attorney General's discretion"); 8 U.S.C. § 1186a(c)(4)(c) ("within the sole discretion of the Attorney General"); 8 U.S.C. § 1203(b) ("may, in his discretion"); 8 U.S.C. § 1225(a)(4) ("in the discretion of the Attorney General"); 8 U.S.C. § 1225(b)(1)(A)(iii) ("in the sole and unreviewable discretion of the Attorney General"); 8 U.S.C. § 1227(a)(1)(E)(iii) ("may, in his discretion"); 8 U.S.C. § 1227(a)(1)(H) ("in the discretion of the Attorney General"); 8 U.S.C. § 1229b(b)(2)(D) ("within the sole discretion of the Attorney General"); 8 U.S.C. § 1255(a) ("[t]he Attorney General, in his discretion"); 8 U.S.C. § 1255(j)(2) ("in the sole discretion of the Attorney General"); 8 U.S.C. § 1255a(b)(1)(D)(ii) ("[t]he Attorney General may, in his discretion"); 8 U.S.C. § 1255a(c)(5)(C) ("in the Attorney General's discretion"); 8 U.S.C. § 1255a(g)(2)(C) ("in the discretion of the Attorney General"); 8 U.S.C. § 1259 ("in the discretion of the Attorney General"); 8 U.S.C. § 1281(a)(2) ("in the discretion of the Attorney General"); 8 U.S.C. § 1282(c)(2) ("in the discretion of the Attorney General"); 8 U.S.C. § 1286 ("in the discretion of the Attorney General"); 8 U.S.C. § 1302(c) ("[t]he Attorney General may, in his discretion"); 8 U.S.C. § 1305(b) ("the Attorney General may in his discretion"); 8 U.S.C. § 1321(a) ("in the discretion of the Attorney General"); 8 U.S.C. § 1330(a) ("in the discretion of the Attorney General"); 8 U.S.C. § 1353 ("within the discretion . . . of the Attorney General"); 8 U.S.C. § 1443(d) ("the Attorney General may, in his discretion"); 8 U.S.C. § 1446(a) ("[t]he Attorney General may, in his discretion"); 8 U.S.C. § 1446(c) ("may, in the discretion of the Attorney General"); 8 U.S.C. § 1537(b)(2)(C) ("solely at the discretion of the Attorney General"); 8 U.S.C. § 1613(c)(2)(G) ("in the Attorney General's sole and unreviewable discretion"); 8 U.S.C. § 1621(b)(4) ("in the Attorney General's sole and unreviewable discretion"); and 8 U.S.C. § 1641(c)(3) ("in the Attorney General's sole and unreviewable discretion").

the Court must give it its distinguishing meaning. *See United States v. Menasche*, 348 U.S. 528, 538–539, 75 S.Ct. 513, 99 L.Ed. 615 (1955) (all words in a statute are to be assigned meaning; nothing is to be construed as surplusage.)

Plaintiffs' argument has a certain attraction. The statute uses different language, to be sure, and different language often connotes a different congressional intention or purpose. *See O'Gilvie v. United States*, 519 U.S. 79, 96, 117 S.Ct. 452, 136 L.Ed.2d 454 (1996) ("When the legislature uses certain language in one part of the statute and different language in another, the court assumes different meanings were intended.") quoting 2A N. Singer, Sutherland On Statutory Construction § 46.07 (5th ed.1992 and Supp.1996). Nonetheless, the Court concludes that Congress essentially authorized the Attorney General to act "in his discretion" when it stated that he *"may,* when the Attorney General *deems* it to be in the national interest, waive the requirements ... that an alien's services ... be sought by an employer in the United States." 8 U.S.C. § 1153(b)(2)(B) (emphasis added).

Plaintiffs argue that legal review is foreclosed only when the INA specifies that the Attorney General acts in his discretion and that, in light of the 51 examples cited in the margin, it is necessary to use the word "discretion" to impart that executive authority in the context of the INA. The Court finds otherwise for three basic reasons. First, the language at issue connotes discretion: the use of the word "may" creates a presumption of discretion under normal rules of statutory interpretation. *See Haig v. Agee*, 453 U.S. 280, 294 n. 26, 101 S.Ct. 2766, 69 L.Ed.2d 640 (1981)

(" 'may' expressly recognizes substantial discretion"); *Int'l Union v. Dole*, 919 F.2d 753, 756 (D.C.Cir.1990); *Ramey v. Block*, 738 F.2d 756, 760 (6th Cir.1984). Together with the use of the word "deem," the statutory provision "fairly exudes deference." *Webster v. Doe*, 486 U.S. 592, 600, 108 S.Ct. 2047, 100 L.Ed.2d 632 (1988). Second, there is no reason Congress could not have used more than one phrase to grant discretion, particularly where, as here, it wanted the Attorney General to exercise that discretion within the contours of the "national interest" and not only and merely as he sees fit. Third, reading the statute to extend discretion to the Attorney General to determine whether to waive the job certification process is consistent with the tenor of the recent amendments. *See* Opp. at 2 ("One of the major statutory objectives of [the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, 110 Stat. 3009] was to expeditiously remove inappropriate aliens by eliminating the judicial review which they were using to extend their stay."). Consequently, 8 U.S.C. § 1252(a)(2)(B)(ii) precludes this Court's jurisdiction to review the Commissioner's discretionary decision in this case.[3]

The complaint is dismissed for want of jurisdiction. A separate Order accompanies this Memorandum Opinion.

## ORDER

For the reasons stated in the Memorandum Opinion separately and contemporaneously issued this 28th day of January, 2004, it is hereby

**ORDERED** that Defendants' Motion to Dismiss is **GRANTED**; and it is

---

3. Review under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, is not available. *Heckler v. Chaney*, 470 U.S. 821, 829, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985) (Judicial review not available (1) in situations where "statutes preclude judicial review" and (2) where "agency action is committed to agency discretion by law.").

**FURTHER ORDERED** that this case is **DISMISSED** from the docket of this Court.

**SO ORDERED.**