**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1476
_____

DR. SUSAN MOUSAVI,
                              Appellant
v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:17-cv-00870)
District Judge: Honorable Katharine S. Hayden
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on July 10, 2020

Before: McKEE, BIBAS, and FUENTES, *Circuit Judges*

(Filed: September 21, 2020)
_____

OPINION[*]
_____

BIBAS, *Circuit Judge*.

Courts have jurisdiction to review immigration decisions only if a statute grants it. But

Congress can limit what it grants. No court can review "any … decision or action" that is

left, by statute, to the Attorney General's or Secretary of Homeland Security's discretion.

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

8 U.S.C. § 1252(a)(2)(B)(ii). Dr. Susan Mousavi asked the District Court to review the denial of her national-interest waiver by U.S. Customs and Immigration Services (the Agency). The District Court found that it lacked jurisdiction because the statute commits that decision to the Agency's discretion. We agree. So we will affirm its dismissal of her claims and its denial of leave to amend.

## I. BACKGROUND

In allocating worker visas, the Immigration and Nationality Act gives priority to aliens with advanced degrees or exceptional talents. 8 U.S.C. § 1153(b)(2). To qualify, aliens ordinarily need a U.S. job offer in hand. § 1153(b)(2)(A). But the Attorney General can make a limited exception to the job-offer requirement if he "deems it to be in the national interest." § 1153(b)(2)(B)(i). That exception is called a "[n]ational interest waiver." *Id.*

Mousavi sought one of these national-interest waivers. A citizen of Iran, she got her Ph.D. in mechanical engineering from New York University and lived lawfully in New Jersey with her family for several years. In 2016, Mousavi went to visit her sick mother in Iran. When she left, she had several petitions pending with the Agency: an I-140 petition for a national-interest waiver, an I-485 petition to become a lawful permanent resident, and an I-131 application for advance parole.

While Mousavi was in Iran, the Agency denied her pending petitions. It said she had not shown that a waiver would be in the national interest. She repeatedly challenged that decision, and the Agency repeatedly reaffirmed it. She has not been let back into the country.

Mousavi sued the Agency in federal court. The District Court, relying on §1252(a)(2)(B)(ii)'s jurisdictional bar, dismissed for lack of subject-matter jurisdiction. It also denied as futile leave to file a second amended complaint and denied her motion to reconsider. She now appeals.

## II.  THE DISTRICT COURT LACKED JURISDICTION

Federal-question jurisdiction is a creature of statute: 28 U.S.C. §1331. So it also can be limited by statute. And Congress has chosen to limit jurisdiction to review the Agency's discretionary immigration decisions. 8 U.S.C. §1252(a)(2)(B)(ii). The question is whether that provision deprives courts of jurisdiction to review the Agency's denial of a national-interest waiver under 8 U.S.C. §1153(b)(2)(B)(i). The District Court correctly held that it does. Whether or not the District Court had jurisdiction, we have jurisdiction to review its dismissal under 28 U.S.C. §1291. We review de novo. *Urena-Tavarez v. Ashcroft*, 367 F.3d 154, 157 (3d Cir. 2004).

### A. 8 U.S.C. §1252(a)(2)(B)(ii) bars judicial review of the denial of a national-interest waiver

Under §1252(a)(2)(B)(ii), courts cannot review "any … decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in [that official's] discretion." This jurisdictional bar extends to §1153(b)(2)(B)(i), but only if that subparagraph makes the Attorney General's authority discretionary. *See Urena-Tavarez*, 367 F.3d at 159.

Does this subparagraph give the Attorney General, and by extension the Agency, discretion to grant national-interest waivers? Two of our sister circuits have held that it does.

3

*Poursina v. USCIS*, 936 F.3d 868, 870–72 (9th Cir. 2019); *Zhu v. Gonzales*, 411 F.3d 292, 294–96 (D.C. Cir. 2005). We agree.

We start, and end, with the subparagraph's text. For as then-Judge Alito explained, the statute "must provide the discretionary authority" in the text itself. *Soltane v. U.S. Dep't of Justice*, 381 F.3d 143, 146 (3d Cir. 2004) (quoting *Spencer Enters., Inc. v. United States*, 345 F.3d 683, 689 (9th Cir. 2003)). The subparagraph does not use the word "discretion." But we require no such magic words. *Zhu*, 411 F.3d at 295. Three textual cues make the Attorney General's discretion clear.

First, the Attorney General "may" grant these national-interest waivers. § 1153(b)(2)(B)(i). He does not have to, even if he finds the applicant eligible. *See Jilin Pharm. USA, Inc. v. Chertoff*, 447 F.3d 196, 202 (3d Cir. 2006); *Urena-Tavarez*, 367 F.3d at 160. Congress could have chosen "must" or "shall," but did not. *Poursina*, 936 F.3d at 871.

Second, the Attorney General may do so when he "*deems* it to be in the national interest." § 1153(b)(2)(B)(i) (emphasis added). He need not grant it when it *is* in the national interest. *Jilin*, 447 F.3d at 203. Rather, he may grant the waiver when he "consider[s], think[s], or judge[s]" that it is. *Deem* (def. 2), *Black's Law Dictionary* (11th ed. 2019).

Finally, the subparagraph puts no limits on the Attorney General's discretion. It does not define "the national interest" or set forth any guideposts. *See Jilin*, 447 F.3d at 204–05; *see also Webster v. Doe*, 486 U.S. 592, 600 (1988) (reading an analogous statute's use of "deem" and "the interests of the United States" as mandating deference to the Executive Branch). Mousavi cites the Agency's internal guidelines as limiting its discretion. *See In*

4

*re Dhanasar*, 26 I. & N. Dec. 884 (USCIS Admin. Appeals Office 2016) (detailing a three-part test for gauging whether a waiver would serve the national interest). But that is not in the statutory text.

Nothing in the statute itself limits the Attorney General's discretion. So we lack jurisdiction to review it.

## B. Mousavi's constitutional claims do not overcome this jurisdictional bar

Though Mousavi acknowledges the jurisdictional bar, she argues that her due-process and discrimination claims are exempt from it because they are constitutional. Not so.

First, Mousavi relies on an exception to the jurisdictional bar that does not apply. She points to 8 U.S.C. § 1252(a)(2)(D), which carves out an exception for "review of constitutional claims or questions of law." But that exception applies only to "a petition for review" of an order of removal "filed with an appropriate court of appeals." § 1252(a)(2)(D); *see Jilin*, 447 F.3d at 206 n.16. Mousavi filed her action in the District Court, not this Court. It is not a petition for review of the Agency's decision, but a civil suit under the Immigration and Nationality Act, Administrative Procedure Act, and Declaratory Judgment Act. And she challenges not an order of removal, but the denial of a visa. So the exception is inapplicable.

Second, Mousavi cannot separate her constitutional claims from the Attorney General's exercise of discretion. She claims that the Agency denied her due process by not "properly" assessing her case under its own internal guidelines. Pet'r's Br. 10–11. And she vaguely claims, in her proposed amended complaint, that the Agency discriminated against her based on her national origin. But we lack jurisdiction to consider constitutional claims that

"require[ ] us to revisit and review the Attorney General's exercise of discretion." *Jilin*, 447 F.3d at 206. Her claims go to the heart of the Agency's statutorily unreviewable discretion to weigh and deny her waiver. We cannot review how it acted or why.

### III. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION BY NOT LETTING MOUSAVI AMEND HER COMPLAINT

Mousavi moved to amend her complaint to add her discrimination claim. The District Court properly denied that motion as futile. We review for abuse of discretion. *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988).

Parties may amend their pleadings once as of right. After that, they may do so "when justice so requires." Fed. R. Civ. P. 15(a). But courts need not allow amendments that would be futile. An amendment would be futile if it would not fix the original complaint's problems or would not withstand another motion to dismiss. *Jablonski*, 863 F.2d at 292.

Mousavi sought to add a claim that the Agency had discriminated against her based on her national origin. But even with that amendment, the District Court would still have lacked jurisdiction. As the District Court explained, quoting *Jilin*: "[B]ecause evaluating these constitutional claims [would] require[ ] [the court] to revisit and review the Attorney General's exercise of discretion … , we lack the jurisdiction to consider them." *Mousavi v. USCIS*, No. 17-cv-870, 2018 WL 6837966, at *3 (D.N.J. Dec. 31, 2018) (quoting 447 F.3d at 206). So it did not abuse its discretion in denying leave to amend.

6

* * * * *

Mousavi asks us to second-guess the Agency's denial of her national-interest waiver. Congress has told us that we cannot. So we will affirm the District Court's dismissal for lack of jurisdiction and its denial of her leave to amend.