NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ABIODUN M. SODIPO, | No.  15-15464 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-04856-JD |
| v. | |
| RON ROSENBERG, Chief, Administrative Appeals Office; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted February 17, 2017**
San Francisco, California

Before:  TASHIMA and HURWITZ, Circuit Judges, and ADELMAN,*** District
Judge.

---

\*     This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*   The Honorable Lynn S. Adelman, United States District Judge for the Eastern
District of Wisconsin, sitting by designation.

Abiodun Sodipo applied for an employment-based visa, but did not satisfy the statutory requirements of a job offer, *see* 8 U.S.C. § 1153(b)(2)(A), or a Department of Labor certification of a labor shortage, *see* 8 U.S.C. § 1182(a)(5)(A)(i). The United States Citizenship and Immigration Services declined Sodipo's request to waive these requirements "in the national interest," 8 U.S.C. § 1153(b)(2)(B)(i); 8 C.F.R. § 204.5(k)(4)(ii), and denied his visa application. Sodipo then filed this action under the Administrative Procedure Act challenging the denial of the national interest waiver. The district court granted summary judgment to the government defendants, and Sodipo timely appealed.

The Immigration and Nationality Act provides that "no court shall have jurisdiction to review . . . any . . . decision . . . of the Attorney General . . . the authority for which is specified under this subchapter to be in the discretion of the Attorney General." 8 U.S.C. § 1252(a)(2)(B)(ii). The decision to deny a national interest waiver is one such decision. *See* 8 U.S.C. § 1153(b)(2)(B)(i) ("[T]he Attorney General may, when the Attorney General deems it to be in the national interest, waive the requirements . . . ."); *Schneider v. Chertoff*, 450 F.3d 944, 948 (9th Cir. 2006) (describing national interest waiver as "purely discretionary"). Thus, the district court lacked jurisdiction to review the denial of the waiver.

We therefore vacate the judgment below and remand for entry of an order dismissing Sodipo's action for lack of jurisdiction. Each party is to bear its own costs.

**VACATED AND REMANDED WITH DIRECTIONS.**