# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued March 18, 2005            Decided June 17, 2005

No. 04-5102

ZHOUQIN ZHU, ET AL.,
APPELLANTS

v.

ALBERTO GONZALES, UNITED STATES ATTORNEY GENERAL,
ET AL.,
APPELLEES

———

Appeal from the United States District Court
for the District of Columbia
(No. 02cv00685)

———

*Frederic W. Schwartz, Jr.* argued the cause and filed the briefs for appellants.

*Alan Burch*, Assistant U.S. Attorney, argued the cause for appellees. With him on the brief were *Kenneth L. Wainstein*, U.S. Attorney, and *Michael J. Ryan*, Assistant U.S. Attorney. *Edith M. Shine* and *R. Craig Lawrence*, Assistant U.S. Attorneys, entered appearances.

Before: GINSBURG, *Chief Judge*, and EDWARDS and GARLAND, *Circuit Judges*.

Opinion for the Court by *Chief Judge* GINSBURG.

GINSBURG, *Chief Judge*: Four citizens of the People's Republic of China, working as medical researchers in the United States, appeal from an order of the district court dismissing their complaint, in which they sought review of the Attorney General's refusal to waive the requirement they obtain a "labor certification" in order to petition for a work visa. The district court held that § 242(a)(2)(B)(ii) of the Immigration and Nationality Act (INA), as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, 8 U.S.C. § 1252(a)(2)(B)(ii), deprived the court of jurisdiction to entertain the complaint. We agree and hence affirm the district court's dismissal of the complaint.

## I. Background

The plaintiffs each petitioned for a work visa under § 203(b)(2) of the INA, which gives a preference to otherwise "qualified immigrants who are members of the professions holding advanced degrees." 8 U.S.C. § 1153(b)(2)(A). Ordinarily a § 203(b)(2) petitioner must get a certification from the Secretary of Labor that "there are not sufficient workers" in the field in which he works and that his employment "will not adversely affect the wages and working conditions of workers in the United States." *Id.* § 1182(a)(5)(A). "[T]he Attorney General may," however, "when [he] deems it to be in the national interest, waive the requirements of [§ 1153(b)(2)(A)] that an alien's services in the sciences, arts, professions, or business be sought by an employer in the United States." *Id.* § 1153(b)(2)(B)(i).

The Attorney General delegated his authority to waive the labor certification requirement to the Commissioner of the

Immigration and Naturalization Service (INS), 8 C.F.R. § 2.1 (2001) – now the Bureau of Citizenship and Immigration Services, Department of Homeland Security – who in turn delegated it to the directors of the several INS regional service centers, *id.* § 204.5(k)(ii). Each plaintiff, in his or her petition for a work visa, requested that the appropriate regional director waive the labor certification requirement, and each such request was denied.

After the Office of Administrative Appeals affirmed those denials, the plaintiffs filed this action in the district court, which granted the Government's motion to dismiss for lack of subject-matter jurisdiction. *Zhu v. INS*, 300 F. Supp. 2d 77, 81 (2004). Specifically, the court held judicial review of a decision to deny a waiver of the labor certification requirement was barred by § 1252(a)(2)(B)(ii), which provides in relevant part,

> Notwithstanding any other provision of law, no court shall have jurisdiction to review –
>
> ....
>
> (ii) any ... decision or action of the Attorney General the authority for which is specified under [subchapter 2 of chapter 12 of 8 U.S.C., §§ 1151-1379] to be in the discretion of the Attorney General, other than the granting of relief under section 1158(a) of this title

and the plaintiffs appealed.

## II. Analysis

The plaintiffs argue the reference in § 1252(a)(2)(B)(ii) to decisions "specified ... to be in the discretion of the Attorney

4

General" denotes only decisions made expressly discretionary by the terms of the authorizing statute. The Government defends the district court's reading of the statute and argues in the alternative that the Attorney General's decision not to waive the labor certification requirement is "committed to agency discretion by law" and hence shielded from judicial review under the Administrative Procedure Act, 5 U.S.C. § 701(a)(2). Reviewing the question of statutory interpretation *de novo*, *see United States v. Braxtonbrown-Smith*, 278 F.3d 1348, 1352 (D.C. Cir. 2002), we hold § 1252(a)(2)(B)(ii) precludes judicial review and therefore do not reach the APA question.

In their principal brief the plaintiffs essentially contend the exercise of the authority granted in § 1153(b)(2)(B)(i) is not "specified ... to be in the discretion of the Attorney General" under § 1252(a)(2)(B)(ii) because "[s]pecified ... means to mention expressly" and the word "discretion" does not appear in § 1153(b)(2)(B)(i). This contention is bolstered, according to the plaintiffs, by the contrast between that section and the numerous other sections of subchapter 2 in which the Attorney General is expressly authorized to exercise "discretion." *See, e.g.*, 8 U.S.C. § 1159(b) ("Not more than 10,000 of the refugee admissions ... may be made available ... in the Attorney General's discretion"); *id.* § 1181(b) ("returning resident immigrants ... may be readmitted ... by the Attorney General in his discretion").

The plaintiffs' interpretation cannot be squared with the last clause of § 1252(a)(2)(B)(ii), an exception to the rule against judicial review for "any ... decision ... granting ... relief under section 1158(a)." Significantly, "discretion" nowhere appears in § 1158(a). The exception therefore establishes that a decision may be "specified ... to be in the discretion of the Attorney General" even if the grant of authority to make that decision

does not use the word "discretion." Put otherwise, under the plaintiffs' interpretation the exception for decisions granting relief under § 1158(a) would be superfluous. Because we must "give effect, if possible, to every clause and word of a statute," *United States v. Menasche*, 348 U.S. 528, 538-39 (1955); *see also Qi-Zhuo v. Meissner*, 70 F.3d 136, 139 (D.C. Cir. 1995), and because we think it unlikely the Congress intended that, regardless of context, no grant of authority to the Attorney General be deemed discretionary unless it uses the word "discretion," *cf. Gade v. Nat'l Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 112 (1992) (rejecting view Congress must use "magic words" expressly to preempt state law), we reject the plaintiffs' rendition of the statute.

In their reply brief the plaintiffs retreat to the position that the determinative issue is not whether a grant of authority contains the term "discretion" but instead whether it "dictates discretion." The Government seems to agree generally with that proposition but it notes a division among the circuits with respect to the degree of discretion that must attach to a decision of the Attorney General before it comes within the ambit of § 1252(a)(2)(B)(ii). Six circuits, by the Government's count, require only that a decision be "discretionary in nature," *see, e.g.*, *El-Khader v. Monica*, 366 F.3d 562, 567 (7th Cir. 2004), whereas the Ninth Circuit requires that to avoid judicial review under that provision a decision be left "entirely within [the] judgment or conscience" of the Attorney General. *Spencer Enters., Inc. v. United States*, 345 F.3d 683, 690 (2003).

We need not choose between these rival approaches because, as the Government argues, § 1153(b)(2)(B)(i) comes within the reach of § 1252(a)(2)(B)(ii) even under the more demanding standard used by the Ninth Circuit. That the Attorney General has complete discretion with respect to the

labor certification requirement is established by the terms of the waiver provision. First, the Attorney General in any particular case may "deem" a waiver of the requirement to be in the "national interest," which determination calls upon his expertise and judgment unfettered by any statutory standard whatsoever. *See Webster v. Doe*, 486 U.S. 592, 600 (1988) (statute allowing Director of Central Intelligence to terminate employee whenever he "'shall *deem* such termination necessary or advisable in the interests of the United States' ... fairly exudes deference"). Second, even if the Attorney General deems a waiver to be in the national interest, the statute provided that he "may" – not that he must – then grant it. Assuming for the sake of the argument that the "national interest" is a manageable legal standard, *but see id.*, this suggests not that the Congress expected the Attorney General actually to deny a petition the grant of which he deems to be in the national interest, but rather that his decision under § 1153(b)(2)(B)(i) is, like "Speech or Debate in either House [of the Congress, not to] be questioned in any other Place," U.S. CONST., art. I, § 6, and certainly not in a court. *Helstoski v. Meanor*, 442 U.S. 500, 506-08 (1979). It is, in the parlance of the Ninth Circuit, "entirely discretionary." *See Spencer Enters.*, 345 F.3d at 690 (instancing statute providing "Attorney General '*may grant* asylum' to aliens who qualify ... but need not" as "example of the type of decisions whose authority is specified by statute to be entirely discretionary").

The plaintiffs' final argument is that the term "may" "does not necessarily suggest unlimited discretion." *Zadvydas v. Davis*, 533 U.S. 678, 697 (2001). True enough, but the "usual presumption" is that "'may' confers discretion." *Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Dole*, 919 F.2d 753, 756 (D.C. Cir. 1990). Where there are conflicting signals, "discerning Congress's intent to bestow or

withhold discretion" may require more extended analysis; it "is not a simple matter of tallying the 'shalls' and 'mays' and finding that the 'mays' have it." *Pennsylvania v. Lynn*, 501 F.2d 848, 854 (D.C. Cir. 1974). In this case, however, the plaintiffs point to no counter-indication. Neither § 1153(b)(2)(B)(i) nor, as far as we can tell, any other provision of the INA suggests the Congress intended that the Attorney General be constrained when deciding whether a waiver should be granted.

## III. Conclusion

For the foregoing reasons, the judgment of the district court is

*Affirmed*.