[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11984

Non-Argument Calendar

_____

KARL JUSTA BRASIL,

Plaintiff-Appellant,

versus

SECRETARY, DEPARTMENT OF HOMELAND SECURITY,
ATTORNEY GENERAL OF THE U.S.,
et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-24222-BB

_____

Before BRANCH, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Karl Justa Brasil appeals the district court's grant of the defendants' motion to dismiss his complaint for lack of subject matter jurisdiction. His complaint sought judicial review of the U.S. Citizenship and Immigration Services' ("USCIS") denial of a national interest waiver under 8 U.S.C. § 1153(b)(2)(B)(i). On appeal, he argues that the district court had subject matter jurisdiction over his request for review under the Administrative Procedure Act, 5 U.S.C. § 701 ("APA"), because the agency's precedent in *Matter of Dhanasar*[1] provided a clear standard by which the court could review the case. Brasil also argues that the jurisdiction-stripping provision of 8 U.S.C. § 1252(a)(2)(B)(ii) is inapplicable. Because § 1252(a)(2)(B)(ii) precludes judicial review of a denial of a national interest waiver under § 1153(b)(2)(B)(i), we affirm.

## I.

Brasil filed a form I-140 petition seeking classification as an immigrant worker under 8 U.S.C. § 1153(b)(2) and seeking a national interest waiver under § 1153(b)(2)(B)(i). USCIS denied his national interest waiver, finding that he did not meet the test laid out in *Matter of Dhanasar*. Brasil appealed to USCIS's Administrative Appeals Office, which dismissed his appeal. Brasil then filed an

---

[1] 26 I & N Dec. 884 (AAO 2016).

action in U.S. District Court arguing that USCIS erred in denying him a national interest waiver because it improperly weighed the evidence in finding that he did not meet the *Dhanasar* test. After the defendants moved to dismiss for lack of subject matter jurisdiction, the matter was referred to a magistrate judge. The magistrate judge's report and recommendation ("R&R") recommended dismissal for lack of subject matter jurisdiction. The district court adopted the R&R and dismissed the complaint. This appeal followed.

## II.

Under the APA, courts may "set aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). The provisions of the APA, however, do not apply in two circumstances. *See id.* § 701(a). The first is when a statute expressly "preclude[s] judicial review." 5 U.S.C. § 701(a)(1). The second is when, even though Congress has not explicitly precluded judicial review, the "agency action is committed to agency discretion by law." *Id.* § 701(a)(2). If a statute precludes judicial review, federal courts lack subject matter jurisdiction. *See Zhu v. Gonzales*, 411 F.3d 292, 293 (D.C. Cir. 2005)

We review a dismissal for lack of subject matter jurisdiction *de novo*. *Canal A Media Holding, LLC v. U.S. Citizenship & Immigr. Servs.*, 964 F.3d 1250, 1255 (11th Cir. 2020). "We also review *de novo* questions of law, such as the construction of a statute." *EEOC v. STME, LLC*, 938 F.3d 1305, 1313 (11th Cir. 2019) (citing *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007)).

### III.

8 U.S.C § 1252(a)(2)(B) provides that "no court shall have jurisdiction to review" either of the following:

> (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or

> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

The subchapter referred to in § 1252(a)(2)(B)(ii) includes the provisions codified at 8 U.S.C. §§ 1151–1381. *Kucana v. Holder*, 558 U.S. 233, 239 n.3, 130 S. Ct. 827, 832 n.3 (2010).

Brasil's appeal concerns a decision made under a provision of that subchapter, 8 U.S.C. § 1153(b)(2). Section 1153(b)(2)(A) allows individuals who either hold advanced degrees or have exceptional ability and have a job offer from an employer in the United States to obtain a visa. The statute further provides:

> The Attorney General may, when the Attorney General deems it to be in the national interest, waive the requirements of subparagraph (A) that an alien's services in the sciences, arts, professions, or business be sought by an employer in the United States.

8 U.S.C. § 1153(b)(2)(B)(i).[2]  Because § 1153(b)(2)(B)(i) is within the subchapter covered by 8 U.S.C. § 1252(a)(2)(B)(ii), we must determine whether a national interest waiver under 8 U.S.C. § 1153(b)(2)(B)(i) is a "decision or action . . . the authority for which is specified . . . to be in the discretion of the Attorney General."  8 U.S.C. § 1252(a)(2)(B)(ii).

We begin with the statutory text because, for a decision to fall within § 1252(a)(2)(B), the statute must itself confer discretion.  *See Kucana*, 558 U.S. at 237, 130 S. Ct. at 831.  First, the "word 'may' customarily connotes discretion."  *JAMA v. Immigr. & Customs Enf't*, 543 U.S. 335, 346, 125 S. Ct. 694, 703 (2005).  And the use of "may" in § 1153(b)(2)(B)(i) contrasts with the statute's use of "shall" in § 1153(b)(2)(B)(ii)(I).  *See Poursina v. U.S. Citizenship & Immigr. Servs.*, 936 F.3d 868, 871 (9th Cir. 2019).  Section 1153(b)(2)(B)(ii)(I) provides that "[t]he Attorney General shall grant a national interest waiver" in certain circumstances; the use of the word "shall" suggests that discretion may not be granted.  In contrast, § 1153(b)(2)(B)(i), which provides that "the Attorney General may . . . waive," does indicate a grant of discretion.

Second, that the Attorney General may grant a national interest waiver "when the Attorney General deems it to be in the

---

[2] While the statute refers to the Attorney General, the authority was delegated to the Department of Homeland Security when the agency was created and sub-delegated to USCIS.  *See Poursina v. U.S. Citizenship & Immigr. Servs.*, 936 F.3d 868, 869 n.1 (9th Cir. 2019).  Therefore, references to the Attorney General in this opinion apply to USCIS.

national interest" reinforces this discretion.  § 1153(b)(2)(B)(i).  The word "deem" suggests that the "determination calls upon [the Attorney General's] expertise and judgment." *See Zhu*, 411 F.3d at 295 (citing *Webster v. Doe*, 486 U.S. 592, 600, 108 S. Ct. 2047, 2052 (1988)).  And "the 'national interest' standard invokes broader economic and national-security considerations, and such determinations are firmly committed to the discretion of the Executive Branch." *Poursina*, 936 F.3d at 874 (citing *Trump v. Hawaii*, 138 S. Ct. 2392, 2409 (2018)).

For the foregoing reasons, we hold that § 1153(b)(2)(B)(i) specifies that a national interest waiver is within the discretion of the Attorney General.  Thus, the decision with respect to such national interest waivers is one the "authority for which is specified [by § 1153(b)(2)(B)(i)] to be in the discretion of the Attorney General."  8 U.S.C. § 1252(a)(2)(B)(ii).  Accordingly, we hold that § 1252(a)(2)(B)(ii) precludes judicial review of that decision.

In so holding, we are in accord with decisions of the D.C., Third, and Ninth Circuits.  *See Zhu*, 411 F.3d at 293; *Poursina*, 936 F.3d at 872; *Mousavi v. U.S. Citizenship & Immigr. Servs.*, 828 F. App'x 130, 133 (3d Cir. 2020).  The published decisions of both the D.C. Circuit and the Ninth Circuit regarding the reviewability of decisions under § 1153(b)(2)(B)(i) bolster our conclusion here.  And we find persuasive the similar reasoning of the Third Circuit in *Mousavi*.

Similarly, the reasoning of the D.C. Circuit and the Ninth Circuit in cases regarding the reviewability of decisions under 8

21-11984                Opinion of the Court                7

U.S.C. § 1155 reinforce our holding.  8 U.S.C. § 1155 provides that the "Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 1154 of this title."   The D.C. Circuit found that its holding in *Zhu* controlled its decision regarding the reviewability of decisions under § 1155.  *iTech U.S., Inc. v. Renaud*, 5 F.4th 59, 66 (D.C. Cir. 2021).  The court found that the words "may" and "deem" were sufficient to show that the statute was discretionary.  *Id.* at 67.  Because both § 1153(b)(2)(B)(i) and § 1155 use "may" and "deem," the court held that they are "specified . . . to be in the discretion of the Attorney General or the Secretary of Homeland Security."    *Id.* (quoting  8  U.S.C. § 1252(a)(2)(B)(ii)).  In contrast, prior to its decision in *Poursina*, the Ninth Circuit had held that decisions under § 1155 were reviewable because it found the grant of statutory authority was "bounded by objective criteria."  *ANA Int'l Inc. v. Way*, 393 F.3d 886, 894 (9th Cir. 2004).  Specifically, it found that "good and sufficient cause" provided a meaningful standard for judicial review.   *Id.*   In *Poursina*, however, the Ninth Circuit declined to extend *Way* to decisions under § 1153(b)(2)(B)(i) because, in part, it held that the phrase "national interest" invokes the types of decisions that "are firmly committed to the discretion of the Executive Branch." *Poursina*, 936 F.3d at 874 (citing *Trump*, 138 S. Ct. at 2409).  Thus, while we express no opinion on the reviewability of decisions under § 1155, a national interest waiver under § 1153(b)(2)(B)(i) is even more clearly "specified . . . to be in the discretion of the

Attorney General or the Secretary of Homeland Security."
§ 1252(a)(2)(B)(ii).

Finally, we want to clarify what we do not hold today.  We previously held that § 1252(a)(2)(B)(ii) did not preclude judicial review of a challenge that "USCIS failed to follow the correct procedure in revoking the I-140 petitions." *Kurapati v. U.S. Citizenship & Immigr. Servs.*, 775 F.3d 1255, 1262 (11th Cir. 2014) ("Even when a decision is committed to agency discretion, a court may consider allegations that an agency failed to follow its own binding regulations." (quoting *Fla. Dep't of Bus. Regul. v. U.S. Dep't of Interior*, 768 F.2d 1249, 1257 n.11 (11th Cir. 1985))).  Brasil's challenge here is not that USCIS failed to follow its own procedures or that USCIS failed to apply the test set out in its precedential decision *Matter of Dhanasar*.  Instead, Brasil argues that USCIS erred in finding that Brasil did not meet the *Dhanasar* test.  Section 1252(a)(2)(B)(ii) precludes judicial review of that decision.  But we express no opinion about whether § 1252(a)(2)(B)(ii) precludes judicial review of decisions made under § 1153(b)(2)(B)(i) when the issue involves the failure of USCIS to apply the *Dhanasar* test or the failure to follow other agency procedures.

## IV.

Based on the foregoing reasons, we hold that § 1153(b)(2)(B)(i) specifies that a national interest waiver is within the discretion of the Attorney General, and therefore § 1252(a)(2)(B)(ii) precludes judicial review.  Thus, the district

21-11984                Opinion of the Court                9

court did not err by dismissing the complaint for lack of subject matter jurisdiction; we affirm.

**AFFIRMED.**