# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 23, 2023

Lyle W. Cayce
Clerk

———————————

No. 22-20419

———————————

David Flores,

*Plaintiff—Appellant*,

*versus*

Merrick Garland, *U.S. Attorney General*; Alejandro Mayorkas, *Secretary, U.S. Department of Homeland Security*; Ur M. Jaddou,

*Defendants—Appellees*.

———————————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-3505

———————————————————————————

Before Smith, Higginson, and Willett, *Circuit Judges*.

Stephen A. Higginson, *Circuit Judge*:

The Immigration and Nationality Act (INA) gives priority to visa petitioners who have advanced degrees or exceptional ability. *See* 8 U.S.C. § 1153(b)(2)(A). Although petitioners usually need a job offer to qualify for such a visa, the United States Citizenship and Immigration Services (USCIS) "may . . . waive" this requirement when USCIS "deems it to be in the national interest." *Id.* § 1153(b)(2)(B)(i). The question presented in this appeal is whether a national-interest waiver denial is a "decision or action

No. 22-20419

of the Attorney General . . . the authority for which is specified . . . to be in the discretion of the Attorney General," such that "no court shall have jurisdiction to review" the denial.  8 U.S.C. § 1252(a)(2)(B).  We conclude that this jurisdictional bar applies to national-interest waiver denials and AFFIRM the judgment of the district court dismissing this case.

I.

Section 1153(b)(2)(A) of the INA gives priority to visa petitioners who "are members of the professions holding advanced degrees" or who have "exceptional ability in the sciences, arts, or business."  8 U.S.C. § 1153(b)(2)(A).  To qualify for a visa under this provision, a petitioner must usually show that his "services in the sciences, arts, professions, or business are sought by an employer in the United States."  *Id.*  But "the Attorney General may, when the Attorney General deems it to be in the national interest, waive [this requirement]."  *Id.* § 1153(b)(2)(B)(i).  When Congress created the Department of Homeland Security, Congress delegated the authority to grant a national-interest waiver to the Secretary of Homeland Security, who delegated this authority to USCIS.[1]  *See Poursina v. USCIS*, 936 F.3d 868, 869 n.1 (9th Cir. 2019).

In 2016, the Administrative Appeals Office of USCIS adopted "a new framework for adjudicating national interest waiver petitions" in *In re Dhanasar*.  26 I. & N. Dec. 884 (USCIS Admin. Appeals Office 2016).  Under *Dhanasar*, "USCIS may grant a national interest waiver if the petitioner demonstrates by a preponderance of the evidence" that three

---

[1] Given these delegations, this opinion refers to the "Attorney General" and "USCIS" interchangeably in the context of the national-interest waiver provision and the jurisdictional bar.

factors are met.[2] *Id.* at 889. However, even if a petitioner meets her burden, USCIS can exercise its discretion to deny the waiver. *Id.* at 889 n.9 ("Because the national interest waiver is 'purely discretionary,' the petitioner also must show that the foreign national otherwise merits a favorable exercise of discretion." (citation omitted)).

In 2019, David Flores filed a Form I-140 petition for a work visa under § 1153(b)(2) and Form I-485 applications for himself and his spouse to adjust their immigration statuses. Flores's I-140 petition asserted that he satisfied the requirements set forth in *Dhanasar* to obtain a national-interest waiver under § 1153(b)(2)(B)(i).

On November 9, 2020, USCIS declined to grant Flores a national-interest waiver and denied his I-140 petition. On January 4, 2021, Flores moved USCIS to reopen or reconsider its decision. USCIS denied the motion. Because Flores's I-485 application relied on his I-140 petition, USCIS also denied his I-485 application.

Flores then sued the Department of Homeland Security, the United States, and USCIS (collectively, the Government) in federal district court challenging the denials of his I-140 petition, his motion for reopening or reconsideration, and his I-485 applications.[3] Relevant here, the complaint alleges that USCIS acted arbitrarily and capriciously in denying Flores's I-140 petition because USCIS "ignored the preponderance of the evidence

---

[2] These factors are "(1) that the foreign national's proposed endeavor has both substantial merit and national importance; (2) that the foreign national is well positioned to advance the proposed endeavor; and (3) that, on balance, it would be beneficial to the United States to waive the requirements of a job offer and thus of a labor certification." *In re Dhanasar*, 26 I. & N. Dec. 884, 889 (USCIS Admin. Appeals Office 2016).

[3] The district court severed the claims of two other plaintiffs who were named in the complaint. Those claims are not relevant to this appeal.

standard" set by *Dhanasar* and ignored "voluminous evidence and expert testimony." Flores sought relief under the Administrative Procedure Act (APA), 5 U.S.C. § 706, the Mandamus Act, 28 U.S.C. § 1361, and the Declaratory Judgment Act, 28 U.S.C. § 2201.

The Government moved to dismiss Flores's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that the jurisdictional bar in 8 U.S.C. § 1252(a)(2)(B)(ii) applies to national-interest waiver denials. The district court held a hearing on the motion and dismissed the case for lack of subject-matter jurisdiction.

Flores timely appealed.

## II.

Flores's sole issue on appeal is that the district court erred in concluding that § 1252(a)(2)(B)(ii) bars jurisdiction over the denial of an I-140 petition.[4] We review de novo a district court's order dismissing a case for lack of subject-matter jurisdiction. *Khalil v. Hazuda*, 833 F.3d 463, 466 (5th Cir. 2016).

The Ninth, Eleventh, and D.C. Circuits have decided that national-interest waiver denials are unreviewable. *See Brasil v. Sec'y of DHS*, 28 F.4th 1189, 1194 (11th Cir. 2022) (per curiam); *Poursina*, 936 F.3d at 875; *Zhu v.*

---

[4] As mentioned above, Flores's district court complaint also invoked the Declaratory Judgment Act and the Mandamus Act and challenged USCIS's denials of his motion to reopen and I-485 applications. But Flores's briefs do not mention the Declaratory Judgment Act and only cite the Mandamus Act as a basis for the district court's jurisdiction in a single sentence in the jurisdictional statement of his opening brief. And his briefs do not include any arguments addressing the denial of his motion to reopen or his I-485 applications independent of his arguments concerning the I-140 petition. So, aside from his contention that § 1252(a)(2)(B)(ii) does not bar a challenge to the denial of his I-140 petition, Flores abandoned any arguments as to those other statutes or agency actions. *See Monteon-Camargo v. Barr*, 918 F.3d 423, 428 (5th Cir. 2019).

No. 22-20419

*Gonzales*, 411 F.3d 292, 294-96 (D.C. Cir. 2005). And the Third Circuit has reached the same conclusion in an unpublished opinion. *See Mousavi v. USCIS*, 828 F. App'x 130 (3d Cir. 2020). "We are always chary to create a circuit split," *Gahagan v. USCIS*, 911 F.3d 298, 304 (5th Cir. 2018) (citation omitted), and Flores has given us no reason to do so here. Accordingly, we join our fellow circuits in holding that a jurisdictional bar applies to national-interest waiver denials.

### A.

Under § 1252(a)(2)(B)(ii), "no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title."[5] Section 1153 is part of the "subchapter" referenced here. *See Kucana v. Holder*, 558 U.S. 233, 239 n.3 (2010).

Section 1252(a)(2)(B)(ii) bars jurisdiction where Congress "set out the Attorney General's discretionary authority in the statute." *Kucana*, 558 U.S. at 247. In other words, "a statutory provision must expressly and specifically vest discretion in the Attorney General" for the § 1252(a)(2)(B)(ii) bar to apply. *Aviles-Tavera v. Garland*, 22 F.4th 478, 485 (5th Cir. 2022) (citation omitted).

---

[5] Section 1252(a)(2)(B)(i) provides that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title."

No. 22-20419

B.

There are two ways that the text of § 1153(b)(2)(B)(i) specifies that national-interest waivers are discretionary for purposes of the § 1252(a)(2)(B)(ii) bar.

First, § 1153(b)(2)(B)(i) says that USCIS "may" grant a waiver. The "word 'may' customarily connotes discretion." *Jama v. ICE*, 543 U.S. 335, 346 (2005). Nothing in § 1153(b)(2)(B)(i) cuts the other way.[6] *See Zhu*, 411 F.3d at 296.

Statutory context signals that the "may" in § 1153(b)(2)(B)(i) does specify the Attorney General's discretion. *See Brasil*, 28 F.4th at 1193 (relying on this rationale); *Poursina*, 936 F.3d at 871 (same). Consider § 1153(b)(2)(B)(ii)(I). That neighboring provision says that the "Attorney General *shall* grant a national interest waiver . . . on behalf of any alien physician" under certain circumstances. *Id.* (emphasis added). Congress could have used similar language for the general national-interest waiver provision. Instead, Congress let USCIS deny a waiver even if a waiver would be in the national interest—except where the petitioner is an "alien physician" who satisfies other requirements. Then, USCIS has no discretion to deny a waiver.

---

[6] Flores points to *Ayanbadejo v. Chertoff* as a case where this court refused to apply the jurisdictional bar to a statute that used the word "may." *See* 517 F.3d 273, 278 (5th Cir. 2008). But the statute at issue in *Ayanbadejo* provides that, with some exceptions, "any citizen of the United States claiming that an alien is entitled to classification by reason of a relationship described [elsewhere in the statute] or to an immediate relative status under section 1151(b)(2)(A)(i) of this title *may* file a petition with the Attorney General for such classification." 8 U.S.C. § 1154(a)(1)(A)(i) (emphasis added). "May" describes the discretion of the *petitioner* to file a petition, not the Attorney General. And the statute does not specify that the Attorney General has discretion to deny those petitions.

Second, § 1153(b)(2)(B)(i) provides that USCIS may grant a waiver when it "deems" a waiver to be in the "national interest." "The word 'deem' suggests that the determination calls upon [the agency's] expertise and judgment." *Brasil*, 28 F.4th at 1193 (cleaned up) (quoting *Zhu*, 411 F.3d at 295); *Poursina*, 936 F.3d at 872 (similar); *see iTech U.S., Inc. v. Renaud*, 5 F.4th 59, 67 (D.C. Cir. 2021) ("*Zhu* makes clear that the combination of 'may' and 'deems' is sufficient to render a statutory grant of authority . . . discretionary."). So, USCIS may grant a waiver when it "considers, thinks, or judges" that the waiver is in the national interest. *Mousavi*, 828 F. App'x at 133 (alteration omitted) (quoting *Deem* (def. 2), *Black's Law Dictionary* (11th ed. 2019)).

In *Ghanem v. Upchurch*, we concluded that a similar instance of "deems" in a different immigration provision triggered the jurisdictional bar. 481 F.3d 222 (5th Cir. 2007). *Ghanem* concerned whether 8 U.S.C. § 1155 specifies that the decision to revoke a visa is discretionary. 481 F.3d at 223. Section 1155 provides that the "Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of [certain visa petitions]." We held that "the phrase 'for what he deems' . . . vest[s] complete discretion in the Secretary to determine what constitutes good and sufficient cause." *Id.* at 225. "Deems" has the same function in § 1153(b)(2)(B)(i): it vests complete discretion in the Attorney General, and now, USCIS, to determine what waivers are in the national interest. And "the 'national interest' standard invokes broader economic and national-security considerations" that "are firmly committed to the discretion of the Executive Branch." *Brasil*, 28 F.4th at 1193 (quoting *Poursina*, 936 F.3d at 874); *see Zhu*, 411 F.3d at 294 (similar).

These features of § 1153(b)(2)(B)(i) "expressly and specifically vest discretion in the Attorney General" to deny national-interest waivers. *See*

*Aviles-Tavera*, 22 F.4th at 485. Thus, as four other circuit courts have concluded, the jurisdictional bar in § 1252(a)(2)(B) applies.

## C.

Flores has three principal counterarguments. None is persuasive.

### 1.

To start, Flores argues that only statutes that use the word "discretion" can trigger the jurisdictional bar in § 1252(a)(2)(B)(ii). In support, Flores lists several provisions that do refer to the Attorney General's or the Secretary's discretion. But Flores cites no authority that § 1252(a)(2)(B)(ii) requires a statute to include the magic word "discretion" for the statute to specify that a decision or action is "in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii). And this court implicitly rejected such a rule in *Ghanem*. *See* 481 F.3d at 224-225 (holding that 8 U.S.C. § 1155 specifies that visa revocations are discretionary even though § 1155 does not include the word "discretion").

Flores's magic words rule is also inconsistent with the logic of *Kucana v. Holder*, 558 U.S. 233 (2010). The petitioner in *Kucana* sought review of the BIA's denial of his motion to reopen his removal proceedings, and the court of appeals dismissed his petition for lack of jurisdiction. *Id.* at 240. No statute specifies that the Attorney General has discretion to deny a motion to reopen. *Id.* at 243. Instead, only a regulation promulgated by the Attorney General specifies that the BIA has discretionary authority to act on a motion to reopen. *Id.* at 243-44. The Court reversed the dismissal of Kucana's petition, holding that § 1252(a)(2)(B)(ii) does not bar review of "determinations declared discretionary by the Attorney General himself through regulation." *Id.* at 236. In reaching that decision, the Court read § 1252(a)(2)(B)(ii) in harmony with the preceding clause, § 1252(a)(2)(B)(i).

*Kucana*, 558 U.S. at 246-47. Clause (i) provides that "judgment[s] regarding the granting of relief under" five different statutory provisions are unreviewable. 8 U.S.C. § 1252(a)(2)(B)(i). The Court noted that each of those five provisions "addresses a different form of discretionary relief from removal," and "each contains language indicating that the decision is entrusted to the Attorney General's discretion." *Kucana*, 558 U.S. at 246. Because clause (ii)—the clause at issue in this case—refers to "any other decision," the Court reasoned that in clause (ii), "Congress had in mind decisions of the same genre [as listed in clause (i)], i.e., those made discretionary by legislation." *Kucana*, 558 U.S. at 246-47.

The problem for Flores is that some provisions listed in clause (i) do not use the word "discretion" and yet are "of the same genre" as the decisions covered by clause (ii). *Id.* To give a couple of examples, § 1229b(a) provides that the "Attorney General may cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien" meets certain conditions. And § 1299c(a)(1) says that the "Attorney General may permit an alien voluntarily to depart the United States at the alien's own expense" in some circumstances. These "variations among the clause (i) provisions demonstrate that Congress used a wide range of language to commit decisions to the government's discretion, and § 1153(b)(2)(B)(i)'s language is comfortably within that range." *Poursina*, 936 F.3d at 873.

If Flores were right, the last phrase of § 1252(a)(2)(B)(ii) would be superfluous. That phrase excepts "granting of relief under section 1158(a)" from the jurisdictional bar. But there is only one reference to the Attorney General's "discretion" in § 1158. Section 1158(b)(2)(A)(v) provides that the Attorney General has "discretion" to determine that certain noncitizens who would otherwise not qualify for asylum are eligible. Under Flores's interpretation, there would be no need for Congress to carve out § 1158(a) from the clause (ii) bar because the magic word "discretion" does not appear

anywhere in that provision. *See Zhu*, 411 F.3d at 294-95 (making the same point).

Finally, quoting *Kucana*, Flores invokes "the presumption favoring judicial review of administrative action." *See Kucana*, 558 U.S. at 251. But this presumption only kicks in "[w]hen a statute is reasonably susceptible to divergent interpretation." *Id.* (internal quotation mark omitted) (quoting *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 434 (1995)); *see Patel v. Garland*, 142 S. Ct. 1614, 1627 (2022) (explaining that the presumption of reviewability "may be overcome by specific language in a provision or evidence drawn from the statutory scheme as a whole" (internal quotation marks omitted) (quoting *Block v. Cmty. Nutrition Inst.*, 467 U.S. 340, 349 (1984))). For the reasons stated above, § 1153(b)(2)(B)(i) is not subject to multiple plausible readings. The statutory language "may" and "deems it to be in the national interest" vests discretion in the Attorney General to make waiver decisions.

2.

Next, Flores raises two arguments premised on a distinction between the national-interest waiver and the visa petition. Neither is convincing.

First, Flores argues that because "[t]here is no specific adjudication" of a national-interest waiver in the process of approving or denying a visa petition, "there is no unreviewable discretion" and § 1252(a)(2)(B) does not apply. This is a non sequitur. The fact that the discretionary denial of a national-interest waiver is part of a reticulated scheme for processing visa petitions does not mean that waiver denials are non-discretionary. What matters is the text of § 1153(b)(2)(B)(i). And that text vests discretion in the Attorney General.

Second, in Flores's reply, he argues that "this case is about the denial of the . . . I-140 visa petition" and not "about the denial of a discretionary

waiver." Read generously, the reply contends that Flores's complaint challenges the visa denial, the visa denial statute is non-discretionary, *see* 8 U.S.C. § 1154(b), the national-interest waiver is not "a separate discretionary process," and so there is jurisdiction over the visa denial, including the agency's decision to deny the waiver. Because this argument is fleshed out for the first time in reply, Flores forfeited it. *See Guillot ex rel. T.A.G. v. Russell*, 59 F.4th 743, 754 (5th Cir. 2023).

Even if this argument were not forfeited, it's only half right. Ordinarily, visa petition decisions are non-discretionary. If the Attorney General determines that the noncitizen "is eligible for preference under [§ 1153(b)]," the Attorney General "shall . . . approve the petition." 8 U.S.C. § 1154(b). But where a noncitizen's eligibility turns on whether the Attorney General exercises his discretion to grant a national-interest waiver, a challenge to a subsequent visa denial requires the district court to review the waiver decision.

Flores's complaint proves the point. Although the complaint includes a header stating that "the decision denying . . . Flores's I-140 petition is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law," Flores's only alleged basis for relief is that USCIS arbitrarily and capriciously denied the national-interest waiver. The complaint asserts no other ground to remand the visa petition denial to the agency. So his challenge to the visa petition denial is a challenge to the agency's adverse waiver decision by another name.

Flores also insists that "the issuance of [a] . . . waiver is not a separate process or decision" from the denial of his visa petition. But the denial of the national-interest waiver and the denial of the visa petition are distinct agency actions, even if memorialized on the same piece of paperwork and even if USCIS does not require the petitioner to file a separate waiver form.

11

Consider the structure of the statute. Section 1153(b)(2)(A) describes the eligibility requirements for a type of work visa. Section 1153(b)(2)(B)(i) gives the Attorney General the discretionary authority to waive those requirements. Section 1154(b) requires the Attorney General to approve visa petitions if the petitioner is eligible. Given the relationships among these provisions, the agency's decision to make a petitioner eligible by waiving eligibility requirements is prior to and distinct from the agency's decision about whether a petitioner is eligible.

In sum, a court may have jurisdiction to review the agency's non-discretionary decision to deny a visa petition but no jurisdiction to review the agency's decision to deny a waiver of eligibility requirements. This conclusion follows from the visa petition scheme in § 1153(b)(2)(A) and § 1154(b) and the jurisdictional bar in § 1252(a)(2)(B). The question then is whether a petitioner seeks review of the non-discretionary visa denial or the discretionary waiver denial. Here, Flores only seeks review of the discretionary waiver denial. Flores's claims are therefore barred.

3.

Last, Flores argues that *Dhanasar* sets a "binding legal standard" that "contains no discretion." Flores's premise is flawed and the implication of his statement—that *Dhanasar* made national-interest waivers reviewable—is incorrect.

*Dhanasar* embraces agency discretion to deny national-interest waivers. The decision sets forth a necessary condition for a petitioner to obtain a national-interest waiver. For USCIS to grant a waiver, a petitioner must establish by a preponderance of the evidence that his "proposed endeavor has both substantial merit and national importance," that the petitioner "is well positioned to advance the proposed endeavor" and "that, on balance, it would be beneficial to the United States to waive the

requirements of a job offer and thus of a labor certification." 26 I. & N. Dec. at 889. But this condition is not sufficient for USCIS to grant a waiver. Even if the petitioner makes the necessary showing, USCIS can still exercise its discretion to deny a waiver because waivers are "purely discretionary." *Id.* at 889 n.9 (citation omitted). Thus, *Dhanasar* limits USCIS's discretion to approve waivers because a waiver can only be approved if the petitioner meets her evidentiary burden. *Dhanasar* has no effect, though, on USCIS's discretion to deny waivers.

Regardless, agency law limiting the agency's statutorily authorized discretion cannot lift the § 1252(a)(2)(B)(ii) bar. This is because review of an agency decision or action is precluded if the "authority for" the decision or action "is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii). In determining whether authority is specified to be discretionary, courts only look to the relevant statutory text, not agency regulations, guidance, or decisional law. *See Kucana*, 558 U.S. at 237 ("[T]he key words 'specified under this subchapter' refer to statutory, but not to regulatory, specifications."). And if agency regulations cannot specify discretion where a statute is silent, agency regulations cannot abdicate discretion authorized by statute, at least where § 1252(a)(2)(B)(ii) is concerned. *See Mousavi*, 828 F. App'x at 133; *Vega v. USCIS*, 65 F.4th 469, 472 (9th Cir. 2023) ("[I]f the statute specifies that the decision is wholly discretionary, regulations or agency practice will not make the decision reviewable and exempt from § 1252(a)(2)(B)(ii)." (cleaned up)).

## III.

For those reasons, we hold that review of national-interest waiver denials is jurisdictionally barred by § 1252(a)(2)(B)(ii). The judgment of the district court is AFFIRMED.