# United States Court of Appeals
## For the First Circuit

No. 24-1228

JANINE CAVALCANTI VIANA GUEDES;
JOSE MAURICIO OLIVEIRA GUEDES, JR.,

Plaintiffs, Appellants,

v.

ALEJANDRO MAYORKAS, Secretary of U.S. Department of Homeland
Security; UR M. JADDOU, Director of U.S. Citizenship and
Immigration Services (USCIS); TERRI A. ROBINSON, Boston District
Director of U.S. Citizenship and Immigration Services; EMILY
ROSE F. COSTA, Director of USCIS Boston Field Office,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Rikelman, Selya, and Lynch,
Circuit Judges.

Felipe Alexandre for appellants.

Aneesa Ahmed, Trial Attorney, United States Department of
Justice, Civil Division, Office of Immigration Litigation --
District Court Section, with whom Brian M. Boynton, Principal
Deputy Assistant Attorney General, Civil Division, William C.
Peachey, Director, Office of Immigration Litigation, William C.
Silvis, Assistant Director, Office of Immigration Litigation, and
Cara E. Alsterberg, Senior Litigation Counsel, Office of
Immigration Litigation, were on brief, for appellees.

December 16, 2024

**LYNCH**, **Circuit Judge**.  In this case, appellants attempt to challenge the USCIS denial of their applications for adjustment of status and alleged revocation of Viana Guedes' I-140 petition and National Interest Waiver.  The district court dismissed the action for lack of subject-matter jurisdiction.  Because 8 U.S.C § 1252(a)(2)(B) and Patel v. Garland, 596 U.S. 328 (2022) preclude judicial review of all these asserted claims, we affirm.

## I.

On November 27, 2017, Janine Cavalcanti Galvao Viana Guedes and her husband Jose Mauricio Oliveira Guedes Jr. and their three children, of Brazil, entered the United States on B-2 nonimmigrant six-month visas.  USCIS originally modified Viana Guedes' visa status on her application to that of F-1 international student, and her husband was granted derivative beneficiary status.[1]  As a nonresident seeking permanent resident status, on October 23, 2019, Viana Guedes filed an I-140 petition representing that she was a "member[] of the professions holding advanced degrees or their equivalent or . . . [her] exceptional ability in the sciences, arts, or business[] will substantially benefit prospectively the national economy, cultural or educational interests, or welfare of the United States . . ." ("EB-2").  8

---

[1]  Because Viana Guedes' husband is a derivative beneficiary of Viana Guedes, his claim turns on the adjudication of Viana Guedes' USCIS filings, which are the only filings we discuss.

U.S.C. § 1153(b)(2)(A). Rather than provide evidence of a job offer for her services in the United States, as is generally required for an EB-2 classification, see 8 U.S.C. § 1153(b)(2)(A), she sought an NIW, under which the Attorney General "may, when . . . deem[ed] . . . to be in the national interest . . . waive the requirement[] . . . that an alien's services in the sciences, arts, professions, or business be sought by an employer in the United States," 8 U.S.C. § 1153(b)(2)(B)(i) (emphasis added); see 8 C.F.R. § 204.5(k)(4)(ii) (USCIS "may exempt the requirement of a job offer, and thus of a labor certification, for aliens of exceptional ability in the sciences, arts, or business if exemption would be in the national interest." (emphasis added)). On September 22, 2021, based on Viana Guedes' representations but without the benefit of an interview, USCIS approved both the I-140 petition and the NIW.

On the same day that she filed her I-140 petition, Viana Guedes also filed an I-485 adjustment of status application. See 8 U.S.C. § 1255(a) (allowing, in the "discretion" of the Attorney General, the adjustment of an alien's status to that of "an alien lawfully admitted for permanent residence"). She appeared for an interview at the USCIS Boston office on August 11, 2022.

Based on that interview and documents that Viana Guedes submitted in connection with her application, USCIS found she had made numerous misrepresentations to gain entry, adjust her status

and obtain work classification, and gain an NIW. Among other findings made by the agency, Viana Guedes had failed, inter alia, to comply with her F-1 student visa, including that she never attended classes at the school she said she attended and she had not acquired English proficiency. As to her work classification, she had not worked as a physiotherapist for years and had not since moving to the United States even attempted to qualify or apply for a physical therapy license. She had not demonstrated an intent to work in the United States as a physical therapist. She had not lawfully maintained her B-2 visitor status or her F-1 visa status and did not qualify for an E-26.[2] In its discretion, USCIS denied her application for adjustment of status. In doing so, USCIS stated that she "d[id] not qualify as an E-26" and "[was] not eligible for, and d[id] not merit, a national interest waiver as a matter of discretion."

On May 11, 2023, appellants filed a federal court complaint challenging appellees' denial of their applications for adjustment of status and "re-adjudicat[ion]" of Viana Guedes' I-140 petition and NIW. On November 21, 2023, USCIS served Viana Guedes and her husband with notices to appear for removal proceedings. Appellees moved to dismiss on December 1, 2023,

_____

[2] E-26 is the lawful permanent resident category for EB-2 professionals with advanced degrees whose adjustment of status applications are granted. See U.S. DEPT. OF HOMELAND SEC., Immigrant Classes of Admission, https://perma.cc/63JN-Y36M.

arguing that the court lacked subject-matter jurisdiction over all of appellants' claims under 8 U.S.C. § 1252(a)(2)(B) and Patel v. Garland, 596 U.S. 328 (2022).  The district court entered an order dismissing the case for lack of subject-matter jurisdiction.

## II.

We have appellate jurisdiction and review de novo the order dismissing for lack of subject-matter jurisdiction. Bernardo ex rel. M & K Eng'g, Inc. v. Johnson, 814 F.3d 481, 483 (1st Cir. 2016).

Appellants frame their argument as challenging the district court's dismissal of two separate claims: (1) a claim challenging USCIS' denial of their adjustment of status applications and (2) a claim challenging USCIS' alleged revocation of Viana Guedes' I-140 and underlying NIW.

The district court plainly lacked jurisdiction under 8 U.S.C. § 1252(a)(2)(B)(i) to hear appellants' claims challenging USCIS' denial of their adjustment of status applications.  8 U.S.C. § 1252(a)(2)(B)(i) states: "regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1255 of this title." (Emphasis added).  Section 1255 of that title in turn states: "The status of an alien who was inspected and admitted or paroled into the United States . . . may be adjusted by the Attorney General,

in his discretion."  8 U.S.C. § 1255(a).

Appellants argue that the title of section 1252, "Judicial review of orders of removal," supersedes the subsequent language in subsection (B), which applies "regardless of whether the judgment, decision, or action is made in removal proceedings." (Emphasis added).  This argument fails.  The more specific language in subsection (B) trumps the general language in the title of section 1252.  See E. Mountain Platform Tennis, Inc. v. Sherwin-Williams Co., 40 F.3d 492, 499 (1st Cir. 1994) ("Because we find no ambiguity in the plain language of the statute, we need not consider the title of the Act in determining the correct construction.").  Were there any doubt, the Supreme Court in Patel stated, albeit in dicta, that section 1252's jurisdictional bar "expressly extend[s] . . . to judgments made outside of removal proceedings."  See Patel, 596 U.S. at 345-46.[3]

The district court correctly dismissed claims challenging USCIS' alleged revocation of Viana Guedes' I-140 and NIW.  We assume without deciding that appellants are correct that

---

[3]    Not surprisingly, the DHS has instituted removal proceedings against appellants.  During these proceedings, appellants may seek adjustment of status before the immigration judge.  See 8 C.F.R. § 1245.2(a)(1)(i) ("In the case of any alien who has been placed in . . . removal proceedings . . ., the immigration judge hearing the proceeding has exclusive jurisdiction to adjudicate any application for adjustment of status the alien may file.").

Viana Guedes' I-140 petition and NIW were each revoked[4] and hold that both revocations are unreviewable under section 1252(a)(2)(B)(ii), which states that "no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security."

On its face, appellants' complaint alleges that Viana Guedes was provided notice and an opportunity to respond to the agency's concerns about her I-140 petition and NIW, which is precisely what 8 C.F.R. § 205.2 requires. Accordingly, appellants all but concede that the agency followed the proper procedure, and so the question -- again, assuming appellants are correct that these approvals were in fact revoked -- is simply whether those revocations are reviewable. The Supreme Court recently held that a USCIS decision to revoke an approved visa petition under 8 U.S.C. § 1155, which governs the revocation of an I-140 petition, is unreviewable under section 1252(a)(2)(B)(ii). See Bouarfa v. Mayorkas, __ S. Ct. __, 2024 WL 5048700, at *8 (Dec. 10, 2024) ("Where § 1252(a)(2)(B)(ii) applies . . . it bars judicial review

_____

[4] Appellees argue that "[w]hile USCIS determined that [Viana Guedes] was ineligible for the I-140 and national-interest waiver, the agency did not revoke either." We need not reach this argument.

- 8 -

of the Secretary's revocation under § 1155."). We held the same in an earlier case. See Bernardo ex rel. M & K Eng., Inc., 814 F.3d at 484. And, given that section 1153(b)(2)(B)(i) also vests the Attorney General with broad discretion, an NIW revocation is unreviewable under substantially the same reasoning. See Bouarfa, 2024 WL 5048700, at *5-6; Bernardo ex rel. M & K Eng., Inc., 814 F.3d at 485-88; see also Zhu v. Gonzales, 411 F.3d 292, 295 (D.C. Cir. 2005)("That the Attorney General has complete discretion with respect to the labor certification requirement is established by the terms of the waiver provision [under section 1153(b)(2)(B)(i)]."); Poursina v. USCIS, 936 F.3d 868, 872 (9th Cir. 2019); Brasil v. Sec'y, Dep't of Homeland Sec., 28 F.4th 1189, 1193 (11th Cir. 2022); Flores v. Garland, 72 F.4th 85, 87 (5th Cir. 2023); Mousavi v. USCIS, 828 Fed. Appx. 130, 133 (3d Cir. 2020).

The judgment of the district court is **affirmed**.