# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

No. 22-40313

May 9, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Marland Henry Gibson,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:21-CR-49-1

———————————————————————

Before Higginson, Ho, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Marland Henry Gibson was convicted for possessing firearms as a convicted felon in violation of 18 U.S.C. § 922(g)(1). On appeal, he challenges the district court's jurisdiction, questions the constitutionality of § 922(g)(1) on various grounds, and raises several other complaints. But Gibson's facial challenge is foreclosed by circuit precedent. *United States v.*

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

*Diaz*, 116 F.4th 458 (5th Cir. 2024).  And we affirm his conviction in all other respects as well.

## I.

Law enforcement arrested Gibson after a traffic stop when a record check showed that he had an outstanding Indiana arrest warrant for failing to appear at a probationary hearing.  Gibson was previously convicted in Indiana of several felonies, including burglary, robbery, criminal confinement, and dealing in a sawed-off shotgun.  Then, while on probation, he had been charged with unlawful possession of a firearm by a felon and theft.

While inspecting Gibson's impounded vehicle, law enforcement officials discovered two firearms, several magazines, ammunition, and a backpack containing suspected marijuana and other drug paraphernalia.  So a grand jury indicted Gibson for possession of a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1).

The indictment alleged that Gibson had been convicted of several felonies and knowingly possessed firearms in and affecting commerce.  It also included a notice of forfeiture of the firearms, magazines, and ammunition involved in the offense under 18 U.S.C. § 924(d), 18 U.S.C. § 3665, and 28 U.S.C. § 2461(c).

Gibson represented himself and moved to dismiss the indictment, asserting that § 922(g)(1) is unconstitutional on its face under the Second and Ninth Amendments.  The district court denied the motion, and a jury found him guilty of the charge.  The jury also returned a special verdict against him related to the forfeiture.

Before his sentencing, Gibson argued that the district court lacked jurisdiction because § 922(g)(1) violated the Second, Fifth, Ninth, and Tenth Amendments.

No. 22-40313

The district court rejected his arguments and sentenced him to 48 months in prison. Gibson appealed.

## II.

Gibson raises eleven arguments, several of which are components of his overall argument that 18 U.S.C. § 922(g)(1) is unconstitutional. Taken together, Gibson's arguments fall into five buckets.

Gibson raises two subject-matter jurisdictional arguments. Second, he argues that 18 U.S.C. § 922(g)(1) is unconstitutional under the Second, Fifth, Ninth, and Tenth Amendments. Third, he challenges the sufficiency of his indictment. Fourth, he argues that the government engaged in oppressive delay in violation of 18 U.S.C. § 3161(c)(1) and the Speedy Trial Act. Fifth, he contends that the government constructively amended his indictment. We take each in turn.

We resolve Gibson's jurisdictional arguments first. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–95 (1998) ("Without jurisdiction the court cannot proceed at all in any cause.") (citation omitted).

Gibson first argues that the district court lacked jurisdiction because 18 U.S.C. § 922(g)(1) is unconstitutional. Second, he argues that the government violated the Due Process Clause because it failed to invoke a statutory provision to establish federal jurisdiction. We review a district court's determination of subject-matter jurisdiction de novo. *Flores v. Garland*, 72 F.4th 85, 88 (5th Cir. 2023).

"In the criminal context, subject matter jurisdiction is straightforward." *United States v. Kaluza*, 780 F.3d 647, 654 (5th Cir. 2015). District courts "have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." *Id*. (quoting 18 U.S.C. § 3231). Courts do not lose jurisdiction simply because the underlying

3

statute is unconstitutional. Indeed, the Supreme Court has made clear that "the unconstitutionality of the statute under which the proceeding is brought does not oust a court of jurisdiction." *United States v. Williams*, 341 U.S. 58, 66 (1951). So there was no jurisdictional issue here, regardless of the constitutionality of § 922(g)(1).

Gibson's second jurisdictional argument also fails. "To invoke that grant of subject matter jurisdiction, an indictment need only charge a defendant with an offense against the United States in language similar to that used by the relevant statute. That is the extent of the jurisdictional analysis." *United States v. Scruggs*, 714 F.3d 258, 262 (5th Cir. 2013) (citation omitted). Here, the indictment stated that Gibson was charged under 18 U.S.C. § 922(g)(1) and tracked the language of the statute. That is sufficient.

Gibson next argues that § 922(g)(1) is facially unconstitutional under the Second, Fifth, Ninth, and Tenth Amendments. He also challenges the forfeiture of his weapons under 18 U.S.C. §§ 924(d)(1), 3665 and 28 U.S.C. § 2461(c). We also review constitutional questions de novo. *United States v. Kidd*, 127 F.4th 982, 986 (5th Cir. 2025).

As our court has already upheld 18 U.S.C. § 922(g)(1) against a facial challenge in *Diaz*, 116 F.4th at 472, and Gibson presents no plausible basis for distinguishing *Diaz*, his Second Amendment argument fails. *See United States v. Barber*, 124 F.4th 354, 360 (5th Cir. 2024).

Furthermore, the tradition of arms forfeiture identified in *Diaz* supports the facial constitutionality of 18 U.S.C. §§ 924(d)(1), 3665, and 28 U.S.C. § 2461(c). *See Diaz*, 116 F.4th at 471–72.

His remaining constitutional arguments fare no better. The Supreme Court and our court have routinely rejected such challenges to § 922(g)(1). *See Lewis v. United States*, 445 U.S. 55, 66 (1980) (rejecting a Fifth Amendment challenge to the disarming of felons); *United States v.*

*Darrington*, 351 F.3d 632, 634 (5th Cir. 2003) (rejecting a Tenth Amendment challenge to § 922(g)(1)), *abrogated on other grounds by Diaz*, 116 F.4th at 463; *United States v. Broussard*, 80 F.3d 1025, 1041 (5th Cir. 1996) (rejecting a Ninth Amendment argument that there is a "new constitutional right to possess weapons under the Ninth Amendment").

Next, Gibson challenges the sufficiency of his indictment on two grounds. First, he argues that the indictment did not state that the grand jury "considered and found probable cause" as to each element of § 922(g)(1). Second, he asserts that the indictment did not specifically allege the manner of his possession of the firearms or how that possession affected interstate commerce. We review these arguments de novo. *United States v. Gipson*, 46 F.3d 472, 474 (5th Cir. 1995).

Our court has never required specific statements that probable cause has been found as to each element. The Supreme Court has explained that the return of an indictment that is "fair upon its face" by a "properly constituted grand jury . . . conclusively determines the existence of probable cause to believe the defendant perpetrated the offense alleged." *Kaley v. United States*, 571 U.S. 320, 328 (2014) (citation omitted). No further statement is required.

Moreover, our court has long held that "[t]o be sufficient, an indictment needs only to allege each essential element of the offense charged so as to enable the accused to prepare his defense and to allow the accused to invoke the double jeopardy clause in any subsequent proceeding." *United States v. Webb*, 747 F.2d 278, 284 (5th Cir. 1984). And the interstate commerce element of a federal offense can be alleged in conclusory terms. *United States v. Williams*, 679 F.2d 504, 509 (5th Cir. 1982).

"To establish a violation of § 922(g)(1), the government has the burden to prove three elements beyond a reasonable doubt[:] (1) that the

defendant previously had been convicted of a felony; (2) that he possessed a firearm; and (3) that the firearm traveled in or affected interstate commerce." *United States v. Guidry*, 406 F.3d 314, 318 (5th Cir. 2005).

Here, the indictment stated that Gibson had been convicted of several crimes, including robbery, burglary, criminal confinement, and dealing in a sawed-off shotgun. It then stated that he did "knowingly and unlawfully possess" specific firearms. And it concluded that he possessed these arms "in and affecting commerce." So the requisite standard was easily met here.

Next, Gibson argues that the government violated 18 U.S.C. § 3161 in two ways.

First, he asserts that the government violated § 3161(c)(1) by failing to ensure that he received a trial within seventy days. That section requires a trial to commence within seventy days from "the filing date (and making public) of the information or indictment, *or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending*." 18 U.S.C. § 3161(c)(1) (emphasis added). Gibson appeared before the magistrate judge on March 10, 2022. His trial began on April 26, 2022, less than seventy days later.

Second, he claims that the government violated 18 U.S.C. § 3161(j) because there was "oppressive delay" between his federal indictment and his federal arrest, during which he was "continuously confined" in Indiana. He then states that the federal prosecutor "was aware and should have known" of his status. Gibson did not make this argument below. So plain error review applies. *See United States v. Rodriguez-Monserrate*, 22 F.4th 35, 40 (5th Cir. 2021).

But Gibson asserts without evidence or record citation that the federal prosecutor knew of his incarceration, which is a "condition precedent" to

No. 22-40313

trigger § 3161(j)(1)'s requirements. *United States v. Anderton*, 752 F.2d 1005, 1007 (5th Cir. 1985).

Finally, Gibson argues that the government constructively amended his indictment with the jury instructions. We review constructive amendment claims de novo and will overturn a conviction if a constructive amendment has occurred. *See United States v. Rider*, 94 F.4th 445, 459 (5th Cir. 2024).

"A constructive amendment occurs . . . when the [g]overnment is allowed to prove an essential element of the crime on an alternative basis permitted by the statute but not charged in the indictment." *Id.* at 459–60 (citation omitted). The government must present "a single, consistent theory of conviction throughout." *Id.* at 460 (citation omitted). Here, even a cursory comparison of the indictment and jury instructions shows no change in the government's theory of conviction.

We affirm Gibson's conviction.